UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                         :

ERIC BOWERS,                                :

                           Plaintiff,    :

                                    :           23 Civ. 10870 (LGS)

               -against-             :

                                    :           **OPINION AND ORDER**

GUPTA TELEVISA, S.A.B.,           :

                         Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Eric Bowers brings this action against Defendant Gupta Televisa, S.A.B. for copyright infringement, seeking damages, a declaratory judgment and injunctive relief. Defendant moves to dismiss the Complaint on various grounds. As explained below, the motion is granted because the Court lacks personal jurisdiction over Defendant.

## I. BACKGROUND

The facts below are taken from the Complaint and a declaration submitted by Defendant. Plaintiff did not submit any evidence.

Plaintiff is a professional photographer based in Kansas. Defendant is a Mexican company located in Mexico and provides Spanish-language content through media channels. The Complaint alleges that Defendant distributed one of Plaintiff's copyrighted photographs (the "Work") through Defendant's websites, hosted on servers in the United States and then publicly displayed in the State of New York. Specifically, the Work was "reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization" on a website with the domain name www.ngenespanol.com (the "Website"), published by Defendant's subsidiary Editorial Televisa SA De CV ("Edivisa"). The Work is a photograph of a sentry box-

like structure overlooking the ocean; the Website included the Work in an article discussing hotels in the Caribbean.

According to the Complaint, "[u]pon information and belief," Defendant transacts business in New York "with New York companies," to distribute and display Spanish-language content, including the Work, to "the more than two million Spanish speaking residents of New York."  "For example," Defendant transacted such business with two New York-based companies known as Univision and TelevisaUnivision.  Defendant does business in New York "with a fair measure of permanence and continuity" "both directly and through its affiliates, agents and subsidiaries who have offices, bank accounts, and real estate in New York."  Specifically, "Defendant, through its affiliates, agents, and subsidiaries here in New York" (1) made "unlawful copies" of the Work on "computer systems here in New York that are owned and controlled by Defendant, its affiliates, agents, or subsidiaries," (2) distributed those unlawful copies from and to those computers and (3) publicly displayed those unlawful copies on digital devices and machines in New York.  In doing so, Defendant has also "contracted with its affiliates, agents, and/or subsidiaries here in New York."  These acts have "cause[d] harm to Plaintiff's business here in New York."

On March 13, 2024, Defendant filed a motion to dismiss on various grounds including lack of personal jurisdiction.  In support of its motion, Defendant submitted the Declaration of Liliana Martinez Vela ("Vela Declaration"), Defendant's Legal Director of Corporate Finance, sworn to on March 11, 2024.  The Vela Declaration describes Defendant's business in Mexico and lack of contacts with New York.  Specifically, Defendant does not have an office or own property in New York, "is not registered [to do business in New York] with the New York Department of State" and "does not have an address, phone number or mailing address in New

York."  Defendant did not transact business or contract with New York companies, including

Univision and TelevisaUnivision, to reproduce, distribute or publicly display the Work.  Contrary

to Plaintiff's allegations, Defendant does not control TelevisaUnivision or a New York based

company known as Univision.  Nor did Defendant "own or control computer systems . . . in New

York."  Rather, the Website is a Mexican website, operated from Mexico, with content targeting

Mexican consumers.  Defendant did not direct any advertising specifically toward New York

residents, or even advertise in any publication primarily directed toward them.

On March 27, 2024, Plaintiff filed a memorandum of law in opposition to the motion to

dismiss but did not introduce any evidence.  Defendant filed a reply on April 3, 2024.

## II.     DISCUSSION

### A.     Standing

As a threshold matter, the Court has subject matter jurisdiction to hear this case and

adjudicate this motion.  A federal court must satisfy itself that it has subject matter jurisdiction

over a case before it may adjudicate the merits.  *See Carroll v. Trump*, 88 F.4th 418, 426 n.32

(2d Cir. 2023).  Defendant argues that Plaintiff lacks standing, which, if true, would deprive the

Court of subject matter jurisdiction.  *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 540

(2d Cir. 2024) ("A federal court lacks subject matter jurisdiction -- and therefore cannot consider

a lawsuit's merits -- unless . . . constitutional standing requirements are met.").[1]

To establish standing to assert a copyright infringement claim, Plaintiff must assert rights

in the Work.  17 U.S.C. § 501(b) (authorizing "[t]he legal or beneficial owner of an exclusive

right under a copyright . . . to institute an action for any infringement of that particular right").

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

Defendant makes two arguments in support of its standing challenge.  Defendant argues that

Plaintiff's standing rests on the Complaint's allegations that Plaintiff is both the owner of all

rights in the Work and is also the exclusive licensee, which is a factual inconsistency.  Defendant

also argues that the Complaint fails to provide a date when Plaintiff obtained his rights in the

Work.

These arguments are unpersuasive.  Construing the Complaint in the light most favorable

to Plaintiff as the non-movant, the Complaint (while not a model of clarity) in substance alleges

that Plaintiff, a photographer, is the exclusive owner of all rights in the Work, a photograph he

created.  This allegation is sufficient to establish standing.  *See Fourth Est. Pub. Benefit Corp. v.*

*Wall-Street.com, LLC*, 586 U.S. 296, 300-01 (2019) ("An author gains exclusive rights in her

work immediately upon the work's creation," making her entitled under "[t]he Copyright Act . . .

to institute a civil action for infringement of those exclusive rights.").  While the Copyright Act

requires a claimant to register the copyright before filing a lawsuit, 17 U.S.C. § 411(a), the

registration requirement is not jurisdictional.  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166

(2010); *see Gong v. Savage*, No. 23 Civ. 7355, 2024 WL 4696128, at *2 (S.D.N.Y. Nov. 4,

2024) (adjudicating a copyright claim by an owner who "registered her copyrights after the

alleged infringement occurred" because she can "recover for infringement that occurred both

before and after registration").

### B.    Personal Jurisdiction

#### 1.    Legal Principles

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a

*prima facie* showing that jurisdiction exists over the defendant."  *Am. Girl, LLC v. Zembrka*, 118

F.4th 271, 276 (2d Cir. 2024), *cert. denied*, No. 24-653, 2025 WL 247472 (U.S. Jan. 21, 2025).

"This showing must include an averment of facts that, if credited by the ultimate trier of fact, would be sufficient for establishing jurisdiction over the defendant . . . ." *Id.*  A plaintiff must establish "a statutory basis for personal jurisdiction" and that "the exercise of personal jurisdiction . . . comport[s] with constitutional due process principles." *Peterson v. Bank Markazi*, 121 F.4th 983, 1002 (2d Cir. 2024).  "In the context of personal jurisdiction, due process demands that each defendant over whom a court exercises jurisdiction have some minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023).

"In deciding a motion to dismiss a complaint for lack of personal jurisdiction, the district court may consider materials outside the pleadings, including affidavits and other written materials." *Am. Girl, LLC*, 118 F.4th at 276.  Courts "construe the pleadings and affidavits in the light most favorable to the plaintiff, resolving all doubts in [his] favor." *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 131 (2d Cir. 2022).  However, courts will not resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013); *accord de Fernandez v. MSC Mediterranean Shipping Co. S.A.*, No. 22 Civ. 6305, 2024 WL 5047492, at *4 (S.D.N.Y. Dec. 9, 2024).  "Conclusory non-fact-specific jurisdictional allegations or legal conclusions couched as a factual allegation will not establish a prima facie showing of jurisdiction." *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) (summary order); *accord Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, No. 23 Civ. 3454, 2024 WL 989841, at *7 (S.D.N.Y. Mar. 7, 2024).

"In litigation arising under federal statutes that do not contain their own jurisdictional

provisions, such as the Copyright Act under which suit is brought in the case at bar, federal

courts are to apply the personal jurisdiction rules of the forum state, provided that those rules are

consistent with the requirements of Due Process."  *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609

F.3d 30, 35 (2d Cir. 2010); *accord Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, No.

23 Civ. 7106, 2024 WL 1533189, at *4 (S.D.N.Y. Apr. 8, 2024).  New York law recognizes two

ways to establish personal jurisdiction over a defendant: (1) general jurisdiction under CPLR

§ 301; and (2) specific jurisdiction under CPLR § 302.  *See Aybar v. Aybar*, 177 N.E.3d 1257,

1259-60, 1265 n.6 (N.Y. 2021).  Despite the Complaint's allegation that "Defendant conducts

continuous, permanent, and substantial business in New York," Plaintiff does not argue that the

Court has general jurisdiction over Defendant in New York.  Instead, Plaintiff asserts that he has

made a prima facie showing of specific jurisdiction under CPLR §§ 302(a)(1)-(a)(3).

### 2.    CPLR § 302(a)(1) -- Transacting Business Within the State

Defendant is not subject to personal jurisdiction under CPLR § 302(a)(1).  CPLR

§ 302(a)(1) permits a court to exercise personal jurisdiction over a non-domiciliary "as to a cause

of action arising from" the defendant's "transact[ing] any business within the state or

contract[ing] anywhere to supply goods or services in the state."  "The CPLR [§] 302(a)(1)

jurisdictional inquiry is twofold: under the first prong the defendant must have conducted

sufficient activities to have transacted business in the state, and under the second prong, the

claims must arise from the transactions."  *Al Rushaid v. Pictet & Cie*, 68 N.E.3d 1, 7 (N.Y.

2016); *accord Bangladesh Bank v. Rizal Com. Banking Corp.*, 208 N.Y.S.3d 2, 22 (1st Dep't

2024).  Transacting business under § 302(a)(1) means "purposeful activity," i.e., "those with

which a defendant, through volitional acts, avails itself of the privilege of conducting activities

within the forum State, thus invoking the benefits and protections of its laws." *Al Rushaid*, 68

N.E.3d at 7; *accord Bangladesh Bank*, 208 N.Y.S.3d at 23.  "[P]roof of one transaction in New

York is sufficient" to satisfy this prong "so long as the defendant's activities here were

purposeful." *Bangladesh Bank*, 208 N.Y.S.3d at 22; *see Am. Girl, LLC*, 118 F.4th at 276 (New

York law).  To satisfy the second prong, "arising from" requires "an articulable nexus or

substantial relationship between [the] defendants' New York activities" and the claim asserted.

*D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1176-77

(N.Y. 2017); *accord Lowy v. Chalkable, LLC*, 129 N.Y.S.3d 517, 521 (2d Dep't 2020).  "This

inquiry is relatively permissive," but at the very least requires "a relatedness between the

transaction and the legal claim such that the latter is not completely unmoored from the former."

*D & R Glob. Selections, S.L.*, 78 N.E.3d at 1176; *accord Lowy*, 129 N.Y.S.3d at 521.

        The Complaint does not allege any purposeful activities by Defendant related to the

copyright infringement at issue.  New York's "[l]ong-arm jurisdiction is appropriately exercised

over commercial actors who have . . . used electronic and telephonic means to project themselves

into New York to conduct business transactions."  *State v. Vayu, Inc.*, 206 N.E.3d 1236, 1240

(N.Y. 2023).  "[A] website's interactivity may be useful for analyzing personal jurisdiction under

section 302(a)(1) insofar as it helps to decide whether the defendant transacts any business in

New York."  *Am. Girl, LLC*, 118 F.4th at 278 (New York law).  "Passive websites . . . which

merely impart information without permitting a business transaction, are generally insufficient to

establish personal jurisdiction."  *Paterno v. Laser Spine Inst.*, 23 N.E.3d 988, 994 (N.Y. 2014).

On the other hand, websites that allowed "a prospective customer in New York [to] submit an

order" that "triggered an order confirmation email from [the defendants]" have been deemed

"highly interactive" and confer personal jurisdiction over the websites' operator. *Am. Girl, LLC*, 118 F.4th at 278.

Defendant does not operate the Website that displays Plaintiff's Work; Defendant's former subsidiary, Edivisa, did. Even attributing Edivisa's operation of the Website to Defendant, the Website is not "highly interactive" with users in New York. *See id.* The only "order" that can be placed on the Website is the purchase of a subscription to a hard-copy magazine, to be delivered only to an address in Mexico not New York, and with payment in Mexican currency. The Website included the Work in an article about hotels in the Caribbean, imparting information but not selling goods or services related to the hotel that a New York customer may purchase. The Website thus is more akin to the passive website merely accessible from New York in *Paterno* and does not give rise to personal jurisdiction. *See Paterno*, 23 N.E.3d at 994.

Nor do Defendant's alleged transactions with Univision and TelevisaUnivision support jurisdiction. The Complaint broadly alleges that Defendant transacted business with two New York companies, Univision and TelevisaUnivision, and their affiliates, "in order to reproduce, distribute, and publicly display Defendant's Spanish language content, including the content at issue in this litigation" to New York consumers. In response, Defendant provided sworn, uncontroverted evidence that (1) Defendant does not transact with New York companies to reproduce, distribute and/or publicly display the Work, nor does Defendant contract with Univision or TelevisaUnivision concerning the Work, (2) the Website displaying the Work is a Mexican website operated by Defendant's former subsidiary, a Mexican entity that has neither a physical presence in nor activity targeting New York. Nothing in the Complaint specifically ties the Website or its display of the Work to Univision or TelevisaUnivision, the two New York

companies, or to Defendant's transactions with either.  "[T]he relationship between [Plaintiff's]

claim and transaction is too attenuated or merely coincidental" to establish personal jurisdiction.

*See D & R Global Selections, S.L.*, 78 N.E.3d at 1176.

Plaintiff's reliance on *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161

(2d Cir. 2013), to support a nexus is misplaced.  The plaintiffs in *Licci* suffered injuries from

attacks by Hizbollah, a terrorist organization, and sued the defendant bank for violating its

statutory duties by funneling money to support Hizbollah.  *Id.* at 165-66.  The court found a

nexus because the defendant's "allegedly culpable conduct" of breaching various statutory duties

"stem[med] from" its repeated, deliberate use of the New York bank accounts.  *Id.* at 169; *see*

*also Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893, 901 (N.Y. 2012) (answering the Second

Circuit's certified question on personal jurisdiction in the affirmative and emphasizing the fact

that the defendant "used a New York account dozens of times," which "indicate[d] desirability

and a lack of coincidence").  In contrast, Defendant's "allegedly culpable conduct" of infringing

Plaintiff's copyright occurred exclusively on the Website, which is maintained by Defendant's

former subsidiary in Mexico and is merely accessible in New York.  The Vela Declaration

expressly disavowed any transaction "with New York companies to reproduce, distribute and/or

publicly display" the content at issue.  Plaintiff's claim does not arise out of Defendant's contacts

with New York, and Defendant is not subject to personal jurisdiction under CPLR § 302(a)(1).

### 3.    CPLR § 302(a)(2) -- Tortious Act Within the State

Nor is Defendant subject to personal jurisdiction under CPLR § 302(a)(2).  This

provision in New York's long-arm statute provides for jurisdiction over a non-domiciliary who

"in person or through an agent . . . commits a tortious act within the state . . . ." CPLR

§ 302(a)(2).  To establish jurisdiction over a non-domiciliary through acts of an in-state agent,

the "plaintiff must convince the court that the in-state actor engaged in purposeful activities in this State in relation to the transaction for the benefit of and with knowledge and consent of the out-of-state [defendant] and that the out-of-state [defendant] exercised some control over the in-state actor in the matter." *Bangladesh Bank*, 208 N.Y.S.3d at 18. This section reaches only "a defendant's act or omission . . . while a defendant or its agent was physically present in the state." *Id.* at 19.

Defendant is not subject to personal jurisdiction under CPLR § 302(a)(2) because neither Defendant nor its former subsidiary, which operated the Website, has any physical presence in New York, and the Complaint does not otherwise allege a sufficient agency relationship. The Complaint alleges that Defendant conducted its tortious acts through unidentified "affiliates, agents, and subsidiaries here in New York." This allegation is too vague and conclusory even without any rebuttal from Defendant. Plaintiff argues in his memorandum of law that Univision and TelevisaUnivision can be such agents. But, according to the Vela Declaration, Defendant has not contracted or otherwise transacted business with Univision or TelevisaUnivision "in relation to" the Work. *See Bangladesh Bank*, 208 N.Y.S.3d at 18. Defendant holds only "non-controlling participation [in] the capital stock of TelevisaUnivision" and "has no management, authority, or control over TelevisaUnivision," and "does not control a New York based company known as Univision." Defendant's contacts with Univision or TelevisaUnivision thus lack any relationship with Plaintiff's claim, and Defendant lacks the requisite control for either company to be considered Defendant's in-state agent for jurisdictional purposes.

### 4.      CPLR § 302(a)(3) -- Tortious Injury Within the State

Plaintiff's memorandum in opposition asserts in a single conclusory sentence that the Complaint makes a prima facie showing of specific jurisdiction under § 302(a)(3). The lack of

any analysis or discussion is tantamount to abandoning this argument.  *See Lema-Kajuana v. Garland*, No. 20-3096, 2023 WL 126823, at \*2 (2d Cir. Jan. 9, 2023) (summary order) (deeming the petitioner's claim abandoned when she did not argue "it aside from a conclusory statement in her opposition"); *Ndemenoh v. Boudreau*, No. 20 Civ. 4492, 2023 WL 6122852, at \*5 (S.D.N.Y. Sept. 19, 2023).

The argument is also without merit because the Complaint does not allege facts sufficient to provide a basis for personal jurisdiction under CPLR § 302(a)(3).  CPLR § 302(a)(3) provides for jurisdiction over a nondomiciliary who "commits a tortious act without the state *causing injury to person or property within the state*" if the nondomiciliary "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  CPLR § 302(a)(3) (emphasis added).

Paragraph 16 of the Complaint is the relevant allegation.  The first sentence states: "Personal jurisdiction over Defendant is . . . proper because Defendant's tortious acts, even those committed outside of New York, are causing harm to Plaintiff's business here in New York." This sentence refers to "Defendant's tortious acts" that caused harm in New York but does not identify the tortious acts.  The sentence refers to "harm" to Plaintiff in New York, but the Complaint never says what that harm is.

The second sentence of paragraph 16 states: "Upon information and belief, Defendant has built a business on . . . New York copyright owners like Plaintiff, and has repeatedly transmitted infringing digital files to New York consumers, such that Plaintiff, a New York business, suffers harm in New York."  The sentence describes Plaintiff as "a New York copyright owner" and "a

11

New York business," but Plaintiff is alleged to be "based out of Kansas" with a business address

in Kansas; no allegations tie him to New York. The sentence refers to "Plaintiff's business in

New York" but the Complaint nowhere describes what that business might be. The Complaint's

allegations are too conclusory to make even a prima facie showing that Plaintiff sustained any

injury in New York.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. If Plaintiff

wishes to replead in an effort to make a prima facie showing of personal jurisdiction over

Defendant, by **March 6, 2025**, Plaintiff may file a letter seeking leave to replead, along with (1)

a declaration from a person with knowledge or other evidence necessary to counter the Vela

Declaration and (2) a proposed amended complaint marked to show changes from the Complaint.

The letter shall explain how the changes and evidence remedy the deficiencies identified above.

Plaintiff is reminded that conclusory allegations are insufficient. If Plaintiff does file such a

request, Defendant shall respond by **March 13, 2025**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 27.

Dated:  February 21, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

12